FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
12/30/2020 1:18 PM
KATHLEEN VIGIL CLERK OF THE COURT
Faith Griego

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

PET FOOD INSTITUTE,
NEW MEXICO CHAMBER OF COMMERCE,
NEW MEXICO FARM & LIVESTOCK BUREAU,
PET INDUSTRY JOINT ADVISORY COUNCIL,
and RIO GRANDE KENNEL CLUB,

    Plaintiffs,

v.

MICHELLE LUJAN GRISHAM, in her official
capacity as the Governor of New Mexico,

    Defendant.

No. D-101-CV-2020-02766

Case assigned to Wilson, Matthew Justin

## COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF

Plaintiffs Pet Food Institute, New Mexico Chamber of Commerce, New Mexico Farm & Livestock Bureau, Pet Industry Joint Advisory Council, and Rio Grande Kennel Club (collectively, the "Plaintiffs") hereby files this Complaint for Declaratory Judgement and Injunctive Relief (the "Complaint") pursuant to the New Mexico Declaratory Judgement Act (NMSA 1978, Section 44-6-1 *et seq.*).

Plaintiffs file this Complaint and request the court declare (1) the validity of the NMSA 1978, Section 76-19A-10.1, and the attendant statutes[1], and (2) any legal obligations Plaintiffs may be compelled to perform pursuant to NMSA 1978, Section 76-19A-10.1, and the attendant statutes. Pursuant to NMSA 1978, Section 44-6-9, Plaintiffs further request that if NMSA 1978, Section 76-19A-10.1, and the attendant statutes, is declared unconstitutional or not otherwise in accordance

---

[1] Senate Bill 57 (2020) amended NMSA 1978, Sections 61-14-7.1; 77-1B-4; 77-1B-5; and 76-19A-1 and enacted a new section (NMSA 1978, Section 76-19A-10.1). S.B. 57, 54th Leg., 2nd Sess. (N.M. 2020). The Plaintiffs provide a more fulsome description of the interplay of the amended sections and the new section below.



with law, this court issue a decree ordering the State of New Mexico to refund any funds paid by the Plaintiffs, or their members, made pursuant to NMSA 1978, Section 76-19A-10.1, and the attendant statutes.

## INTRODUCTION

1. Senate Bill 57 (2020) (hereinafter "SB57") created a new section to the New Mexico Commercial Feed Act (NMSA 1978, Section 76-19A-1 *et seq.*) (the "Commercial Feed Act") entitled the Spay and Neuter Program Fee. S.B. 57, 54th Leg., 2nd Sess. (N.M. 2020); 2020 N.M. Laws, ch. 69, § 5.

2. NMSA 1978, Section 76-19A-10.1, the Spay and Neuter Program Fee (the "Fee"), imposes an *annual* fee on each pet food, with limited exceptions, registered with the New Mexico Department of Agriculture[2] (the "Department").

3. All commercial feed, which includes pet food, must be registered with the Department prior to being distributed in New Mexico. NMSA 1978, §§ 76-19A-10(A); 76-19A-2(P).

4. All pet food registrations expire annually on December 31. NMSA 1978, § 76-19A-10(A).

5. The Department may refuse to register a pet food if the application does not fully comply, including the payment of the Fee, with the Commercial Feed Act. NMSA 1978, § 76-19A-10(C).

6. Any pet food that the Department believes to be distributed in violation of *any* provision of the Commercial Feed Act, or any rules promulgated under the act, can be removed from distribution and seized by the Department. NMSA 1978, § 76-19A-13.

---

[2] Of import, the Department has no discretion in this issue because the Legislature mandated that the Department collect the Fee and the distribution of the Fee is set by statute. *See* NMSA 1978, § 76-19A-10.1(A) (noting the Department "shall collect" the Fee); *see also* NMSA 1978, § 76-19A-10.1(C) (noting the Fee "shall be distributed as follows:").

7. The Department has suggested that enforcement of the Fee could lead to restrictions or limitations on commerce because non-compliant pet food would be subject to detainment.

8. The annual Fee imposes an un-apportioned flat "fee" that applies to each pet food label, with limited exceptions, registered with the Department and the Fee does not vary based on the amount of product distributed into, or sold within, the State of New Mexico.

9. The Fee is fifty dollars ($50.00) for the 2021 registration year; seventy-five dollars ($75.00) for the 2022 registration year; and one-hundred dollars ($100.00) for the 2023 registration year and each subsequent registration year until the statute sunsets or is repealed. NMSA 1978, § 76-19A-10.1(A).

10. The annual Fee is in addition to any other registration fee or inspection fee imposed under the Commercial Feed Act. NMSA 1978, § 76-19A-10.1(A).

11. The annual Fee is exponentially higher than the two dollar ($2.00) fee that is, and will continue to be, imposed on *all* pet foods pursuant to the Commercial Feed Act. NMSA 1978, §§ 76-19A-10(A); 76-19A-10.1(A).

12. The annual Fee is per label and a manufacturer may registered hundreds of labels with the Department.

13. The annual Fee does not apply to pet food that is either: (1) a prescription diet pet food prescribed by a veterinarian; or (2) manufactured by a person whose tax-year annual gross revenue from the pet food is no more than three million dollars ($3,000,000). NMSA 1978, § 76-19A-10.1(B).

14. The exclusions in Paragraph 13 do not apply to the two dollar ($2.00) fee imposed in NMSA Section 76-19A-10(A); *see* ¶ 10 (noting the Commercial Feed Act imposes an additional fee on all pet foods and that two dollar fee will continue to apply).

15. The Department anticipates less than one percent (1%) of the Fee collected will be from New Mexico companies.

16. Four percent (4%) of the Fee is distributed to the Department to administer the Commercial Feed Act. NMSA 1978, § 76-19A-10.1(C)(2).

17. Ninety-six percent (96%) of the Fee is credited to the statewide spay and neuter subaccount of the animal care and facility fund. NMSA 1978, § 76-19A-10.1(C)(1).

18. In turn, monies in the statewide spay and neuter subaccount must only be used, with the exception of administration costs (not to exceed 5%), to carry out spay and neuter services. NMSA 1978, § 77-1B-4(D).

19. These spay and neuter services are to be performed for individuals at reduced or no cost (it is unclear which). *See* NMSA 1978, § 61-14-7.1(B); SB 57, Sec. 1, page 1, ll. 16-22 (both noting the Animal Sheltering Committee is to develop criteria for providing assistance).

20. Any unexpended or unencumbered balances in the statewide spay and neuter subaccount at the end of the fiscal year do "not revert to the general fund." NMSA 1978, § 77-1B-4(F).

## PARTIES

21. Plaintiff PET FOOD INSTITUTE ("PFI")[3] for over 60 years has been, and continues to be, the voice of U.S. pet food manufacturers who make the vast majority of U.S. pet food and treats. PFI, through its members, actively supports pet well-being by producing sole-source nutrition for cats and dogs, monetary donations, and supporting volunteer programs in New Mexico and across the nation. In addition, PFI was one of ten co-signers who requested that Governor Lujan Grisham veto SB57 due to the negative effect of the bill on its members and

---

[3] The Third Judicial District Court granted PFI's Writ of Certiorari (the "Writ") (D-307-CV-2020-02493) on November 25, 2020. The Writ seeks review of the Department's promulgation of regulations in conjunction with SB57. However, the Writ seeks review of the regulations based on procedural issues and that action does not address the issues with the underlying statutes presented in this action.

other New Mexico residents. PFI notes the following: (a) PFI has at least one member who is subject to the Fee; (b) the issues at hand are germane to PFI's overall purpose; (c) PFI is authorized to act on behalf of any of its members subject to the Fee (and those that are not) in regards to this matter; and (d) the claims asserted, and the relief requested, in this matter do not require the participation of the individual member(s).

22. Plaintiff NEW MEXICO CHAMBER OF COMMERCE ("NMCC") is a non-partisan member organization focused on business advocacy and developing New Mexico's economy. NMCC advocates for and helps implement policies that will make New Mexico a leader in industry, innovation, economic competitiveness, and overall quality of life. NMCC notes the following: (a) NMCC has at least one member who is subject to the Fee; (b) the interests at hand are germane to NMCC's overall purpose; (c) NMCC is authorized to act on behalf of any of its members subject to the Fee (and those that are not) in regards to this matter; and (d) the claims asserted, and the relief requested, in this matter do not require the participation of the individual member(s).

23. Plaintiff NEW MEXICO FARM AND LIVESTOCK BUREAU ("NMF&LB") is an independent, nongovernment, voluntary organization of farm and ranch families united for the purpose of analyzing agricultural problems and formulating solutions to promote the well-being of agriculture in New Mexico. NMF&LB has approximately 20,000 members and represents these members on a variety of issues, through lobbying campaigns, research, educational programs (both for its members and the general public), and litigation. NMF&LB was one of ten co-signers who requested that Governor Lujan Grisham veto SB57 due to the negative effect of the bill on its members and other New Mexico residents. NMF&LB members own pets and purchase pet food and pet treats and many members have working dogs that help

protect livestock, aide in gathering livestock, and provide many benefits associated with pet ownership. Moreover, NMF&LB notes the efforts of the State of New Mexico to enact taxes disguised as fees is troubling and NMF&LB is concerned the State may seek to enact other taxes disguised as fees on its members, or impose purported fees that bear no rational relationship between the fee imposed and any governmental service provided. NMF&LB also notes: (a) the aforementioned issues create a substantial public interests that is likely to reoccur; (b) the issues at hand are germane to NMF&LB's overall purpose; (c) NMF&LB is authorized to act on behalf of its members in regards to this matter; and (d) the claims asserted, and the relief requested, in this matter do not require the participation of the individual members.

24. Plaintiff PET INDUSTRY JOINT ADVISORY COUNCIL ("PIJAC") is a nation-wide industry trade group that advocates for the broad pet care community to promote animal well-being and responsible pet ownership, foster environmental stewardship, and ensure the availability of healthy pets. As part of its advocacy, PIJAC represents the interests of organizations within the responsible pet care community (members and non-members alike) who manufacture, distribute, or sell pet food and pet treats. PIJAC notes the following: (a) PIJAC has at least one member who is subject to the Fee; (b) the issues at hand are germane to PIJAC's overall purpose; (c) PIJAC is authorized to act on behalf of any of its members subject to the Fee (and those that are not) in regards to this matter; and (d) the claims asserted, and the relief requested, in this matter do not require the participation of the individual member(s).

25. Plaintiff RIO GRANDE KENNEL CLUB ("RGKC") is an American Kennel Club ("AKC") member all-breed club serving Albuquerque, NM and surrounding communities. RGKC was founded in 1932 and is the state's oldest nonprofit canine advocacy group. RGKC's overall purpose is to promote purebred and mixed breed dog sports, dog health, and responsible

dog ownership through grants, public education, AKC confirmation shows, and AKC obedience and rally trials. RGKC was one of ten co-signers who requested that Governor Lujan Grisham veto SB57 due to the negative effect of the bill on its members and other New Mexico residents. RGKC members own dogs that consume pet food and pet treats and at least one RGKC member sells pet food and pet treats. Moreover, RGKC notes the efforts of the State of New Mexico to enact taxes disguised as fees is troubling and RGKC is concerned the State may seek to enact other taxes disguised as fees on its members, or impose purported fees that bear no rational relationship between the fee imposed and any governmental service provided. RGKC also notes: (a) the aforementioned issues create a substantial public interests that is likely to reoccur; (b) the issues at hand are germane to RGKC's overall purpose; (c) RGKC is authorized to act on behalf of its members in regards to this matter; and (d) the claims asserted, and the relief requested, in this matter do not require the participation of the individual members.

26. Defendant GOVERNOR MICHELLE LUJAN GRISHAM is sued in her official capacity as the Governor of New Mexico. Governor Lujan Grisham is the Chief Executive Officer of the State of New Mexico and responsible for executing the laws of the State. N.M. Const. art. V, § 4. Furthermore, Governor Lujan Grisham signed Senate Bill 57 into law on March 6, 2020.

**JURISDICTION AND VENUE**

27. This Court has subject matter jurisdiction over this Complaint for Declaratory Judgment and Injunctive Relief as set forth in the New Mexico Constitution, common law, and the Declaratory Judgment Act. N.M. Const. art. VI, § 13; NMSA 1978, NMSA 1978, §§ 44-6-1 to -15.

28. This court has personal jurisdiction over the Plaintiffs and Defendant.

29. An actual controversy exists in this matter and the declaratory judgement will terminate the controversy.

30. Venue is proper as suits against state officers must be brought in the county where their offices are located and Governor Lujan Grisham maintains the Governor's office in Santa Fe County. NMSA 1978, § 38-3-1(G).

## GENERAL ALLEGATIONS

31. Paragraphs 1- 30 are hereby incorporated by reference and made paragraphs 1- 30 of the General Allegations as if fully set forth therein.

32. Plaintiffs PFI, NMCC, and PIJAC have at least one member who is subject to the Fee and those members are faced with the dilemma of paying the illegal fee or having their products removed from distribution and potentially seized.

33. In addition to the actual controversy that exists in this matter, the issues at hand involve constitutional questions and involve efforts of the State to enact taxes disguised as fees or to impose administrative fees that bear no rational relationship to the governmental service provided. Therefore, a substantial public interest is present and likely to reappear before the court.

34. While the Fee is labeled a "fee" by statute, there is no rational relationship between the Fee and any governmental service provided.

35. At best, only four percent (4%) of the Fee is for administration of related services; however, because the four percent (4%) is distributed to the Department to administer all feeds under the Commercial Feed Act it is unclear the amount, if any, of the Fee that will be used, by

statute, to cover the cost of performing any associated service relating to pet food registration. *See* NMSA 1978, § 76-19A-10.1(C)(2).

36. The Department, who is statutorily burdened with the collection and administration of the Fee, envisions *no* amount of the Fee will be used to cover the cost of performing an associated service relating to pet food registration as the Department's regulations note ninety-six percent (96%) of the Fee is credited to the spay and neuter subaccount and four percent (4%) is "to administer the Spay and Neuter fee dispensation." 21.18.3.31(C) NMAC.

37. The Fee, as a "fee," is invalid because the Fee is not intended to, nor does, defray the costs of providing a governmental service relating to the registration of pet food. *See, e.g., N.M. Mining Ass'n v. N.M. Mining Comm'n*, 1996-NMCA-098, ¶ 23, 122 N.M. 332.

38. In the alternative, because the Fee is not intended to, nor does, defray the costs of providing a governmental service relating to pet food registration the Fee is not a "fee" but a tax.

39. If the Fee is a tax, any payer is a taxpayer and should be afforded the protections in the New Mexico Taxpayer Bill of Rights. *See* NMSA 1978, §§ 7-1-4.1; 7-1-4.2.

40. The three million dollar ($3,000,000) exclusion in NMSA 1978, Section 76-19A-10.1(B)(2) violates the New Mexico constitutional mandate that similarly situated persons should not be treated differently. N.M. Const. art. II, § 18.

41. The Fee, through the mechanics of the statewide spay and neuter subaccount of the animal care and facility fund and the Animal Sheltering Committee's duties, violates the New Mexico Anti-donation Clause by providing reduced or no cost services to individuals. N.M. Const. art. IX, § 14; *see* ¶¶ 17-19 (discussing the mechanics of the statewide spay and neuter subaccount and how individuals are the ultimate recipients of the Fee).

42. The Fee violates the U.S. Commerce Clause because:

   (a) the Fee is not fairly apportioned;

   (b) the Fee discriminates against interstate commerce; and

   (c) the Fee does not fairly relate to the services provided by the State of New Mexico.

43. The Fee is void for vagueness because the legislative enactment:

   (a) does not clearly define if the Fee is a tax or an administrative-type fee; and

   (b) does not provide certainty to the amount of assistance that will be provided to the individual recipients of the state paid services.

## Prayer for Relief

**WHEREFORE**, the Plaintiffs respectively seek the following relief and requests that this court:

A. Declare that if the Fee in NMSA 1978, Section 76-19A-10.1 is a "fee," the Fee is void because it violates the premise that fees must be rationally related to, and must not exceed the amount reasonably necessary to provide, the underlying government service;

B. Declare that if the Fee in NMSA 1978, Section 76-19A-10.1 is a "tax," the payers of the Fee must be afforded the protections of the New Mexico Taxpayer's Bill of Rights;

C. Declare that the three million dollar ($3,000,000) exclusion in NMSA 1978, Section 76-19A-10.1(B)(2) violates the New Mexico constitutional mandate that similarly situated persons should not be treated differently;

D. Declare that the Fee, through the provision of reduced or no cost spay and neutering services to individuals, as generally set forth in NMSA 1978, Section 61-14-7.1, violates the New Mexico Anti-donation Clause;

E. Declare that the Fee violates the U.S. Commerce Clause because the Fee: (1) is not fairly apportioned; (2) discriminates against interstate commerce; or (3) is not fairly related to the services provided by the State of New Mexico;

F. Declare that the Fee is void for vagueness because the legislative enactment does not provide certainty as to if the Fee is a tax or an administrative-type fee, or provide certainty as to the amount of assistance that will be provided;

G. Declare that the State of New Mexico, individually or through the Department, cannot seek any statutory or administrative action against any person that does not remit the Fee;

H. Declare that the State of New Mexico, individually or through the Department, must refund any Fee that has been submitted by the Plaintiffs, or their members;

I. Award Plaintiffs the costs, including attorneys' fees, of these proceedings in the amount the court may find equitable and just; and

J. Grant any other relief as the Court deems necessary or appropriate.

Respectfully submitted this 30th day of December 2020,

GALLAGHER & KENNEDY, PA

/s/ *Scott Woody*

Anthony (T.J.) J. Trujillo
Scott Woody
AJT@gknet.com
Scott.woody@gknet.com
1239 Paseo de Peralta
Santa Fe, NM 87501-2758
(505) 989-7299
Attorneys for the Plaintiffs
Pet Food Institute;
New Mexico Chamber of Commerce;
New Mexico Farm and Livestock

Bureau;
Pet Industry Joint Advisory Council;
and
Rio Grande Kennel Club

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2020, I caused the foregoing **COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF** to be filed electronically through the Court's Odyssey system, which caused the parties to be served by electronic means, as more fully reflected on the notice of electronic filing.

/s/ *Scott Woody*