IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PET FOOD INSTITUTE,
NEW MEXICO CHAMBER OF COMMERCE,
NEW MEXICO FARM & LIVESTOCK BUREAU,
PET INDUSTRY JOINT ADVISORY COUNCIL,
and RIO GRANDE KENNEL CLUB,

    Plaintiffs,

v.                                                                                          No. 1:21-cv-00048-LF-SCY

MICHELLE LUJAN GRISHAM, in her official
capacity as the Governor of New Mexico,

    Defendant.

### DEFENDANT'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

For her Motion and Memorandum in support of her Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief, Defendant Governor Michelle Lujan Grisham, states:

### I.    INTRODUCTION

Plaintiffs filed their Complaint for Declaratory Judgement and Injunctive Relief against Defendant, Governor Lujan Grisham, in the First Judicial District Court for the State of New Mexico on December 30, 2020. [Doc. 1, Exh. B]. On January 20, 2021, Governor Lujan Grisham removed this matter to federal court because Plaintiffs' action alleges violations of Article 1, Section 8, Clause 3 of the United States Constitution, (the "Commerce Clause").[1]

---

[1] The parties agreed that Defendant may have an extension of time until February 19, 2021, to file her answer or otherwise plead in response to Plaintiffs' Complaint. [Doc. 3].

NMSA 1978, § 76-19A-10.1, the statute complained of by the Plaintiffs, is an addition to Section 76-19A-10, which provides that "[a]ll commercial feed,…shall be registered…before being distributed in New Mexico." The application for registration requires paperwork to be submitted, along with a registration fee. *See* NMSA 1978, § 76-19A-10(A). Section 76-19A-10.1(A) provides for an additional annual fee to be collected on each pet food registered with the State of New Mexico. The statute states that the annual fee collected pursuant to Subsection A is to be used for the statewide spay and neuter fund, which provides for reduced or no cost spay and neutering services to individuals throughout New Mexico. *See* NMSA 1978, § 76-19A-10(C)(1); [Doc. 1, Exh. B at ¶ 41].

Plaintiffs' Complaint seeks a judicial declaration that the annual fee set out in Section 76-19A-10.1 violates the United States Commerce Clause because it is (a) "not fairly apportioned"; (b) "discriminates against interstate commerce"; and (c) "does not fairly relate to the services provided by the State of New Mexico." [Doc. 1, Exh. B at ¶ 42]. Plaintiffs also seek a declaration that Section 76-19A-10.1's annual fee is "tax", which violates New Mexico's Anti-donation Clause "through the provision of reduced or no cost spay and neutering services to individuals." [Doc. 1, Exh. B at pg. 10]. Finally, Plaintiffs request a declaration that the exemptions from the annual fee for certain pet food distributors treats similarly situated persons and that the fee is void for vagueness. [Doc. 1, Exh. B at pg. 10, 11]. Plaintiffs request that any fees already paid be refunded to Plaintiffs and Plaintiffs' members, as well as attorney fees and costs associated with bringing this suit. [Doc. 1, Exh. B at pg. 11].

Defendant is entitled to dismissal because Plaintiffs have failed to allege any action taken by the Governor that would subject her to liability. Defendant is also entitled to dismissal of all

of Plaintiffs' claims because Governor Lujan Grisham is absolutely immune from suit where, in signing the challenged legislation, she acted in her legislative capacity.

## II. STANDARD FOR DISMISSAL

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) where defendant demonstrates that plaintiff has not stated a plausible claim to relief. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must allege facts sufficient to state a "claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, "a plaintiff must state a claim to relief that is plausible on its face, by plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1218 (D.N.M. 2011) (internal quotation marks and citation omitted). Where it appears that a plaintiff cannot prove any set of facts that would entitle them to relief, a court may dismiss the cause of action. *See Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995).

## III. ARGUMENT

### A. Plaintiffs' Claims are Subject to Dismissal Because Plaintiffs Fail to Allege Any Conduct by Defendant that would Subject Her to Liability.

While the Complaint appears to identify the New Mexico Department of Agriculture ("the Department"), the non-Defendant agency charged with collecting the fee under the statute, as a wrongdoer, it is difficult to identify the wrongful conduct asserted. Plaintiffs allege that the Department, "has suggested that enforcement" of the spray and neuter program fee contained in NMSA 1978, Section 76-19A-10.1, "…could lead to restrictions or limitations on commerce…." [Doc. 1, Exh. B, ¶ 7]. As the Department is not a plaintiff, it is difficult to understand the source of these allegations, which appear to be made up out of whole cloth. The assertions of what the

Department is "envisioning" certainly do not state a claim against the Governor of the State of New Mexico. In fact, other than asserting that Governor Lujan Grisham is the Governor, "responsible for executing the laws of the State" and that the Governor signed Senate Bill 57 into law on March 6, 2020, Plaintiffs do not allege *any* conduct by Governor Lujan Grisham, much less conduct that might state a claim for violations of federal or state law. *See Bagwell v. Safeway Denver Milk Plant*, 2011 WL 2144632, *5 (D. Colo. May 12, 2011) (finding that without any specific factual allegations as to what conduct defendant engaged in to constitute a violation of the statute in question, plaintiff's complaint stops well short of the *Iqbal* and *Twombly* standard of "further factual enhancement" required to cross the "line between possibility and plausibility of entitlement to relief").

      Nor is the Governor alleged to have "acted under color of state law" in any manner that would state a cognizable claim of entitlement to injunctive or declaratory relief against a state official under 42 U.S.C. § 1983. *See L.A. Branch NAACP v. L.A. Unified School Dist.,* 714 F.2d 946, 953 (9th Cir.1983) ("the Governor's general duty to enforce California law… does not establish the requisite connection between him and the unconstitutional acts alleged"). There is no claim cognizable under Section 1983 stated. *See Hill v. Kemp*, 478 F.3d 1236, 1242 (10th Cir. 2007) ("the Governor and state Treasurer were so tangentially related to the issues in dispute that,…it commands their individual dismissal under *Ex parte Young*, 209 U.S. 123, 157 (1908) (requiring a plaintiff seeking an exception to Eleventh Amendment immunity to show, *inter alia*, that the state official defendants have 'some connection with the enforcement of the act in question.)"). Indeed, it is "the Fee" not the Governor that is alleged to have "violated the U.S. Commerce Clause." [Doc. 1, Exh. B at p. 11, ¶ E].

Plaintiffs have failed to allege any conduct by the Governor that could subject her to liability, even in her official capacity, under any identified state or federal statute cited in the Complaint, including 42 U.S.C. § 1983. There is simply no claim stated against the Defendant and she must be dismissed from the Litigation. That dismissal is appropriate is further demonstrated by the undeniable fact that the Prayer for Relief does not seek any relief against the Governor, merely a declaration that "the State of New Mexico, individually or through the Department, cannot seek any statutory or administrative action against any person that does not remit the fee" and that the State or the Department "must refund any fee" submitted by the Plaintiffs. [Doc. 1, Exh. B at p. 11, ¶¶ H, I].

### B. Governor Michelle Lujan Grisham is Immune from Suit for Declaratory and Injunctive Relief When Acting in her Legislative Capacity.

It is well-established that state legislators are entitled to absolute immunity from liability for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1988) ("[a]bsolute legislative immunity attaches to all actions taken 'in the sphere of legislative activity'"). This immunity extends not only to damage claims, but also to claims involving injunctive and declaratory relief. *See Supreme Court of Virginia v. Consumers Union of U.S. Inc.*, 446 U.S. 719, 100 S.Ct. 1967 (1980) (members of Virginia Supreme Court acted in legislative capacity when enacting state bar code for attorneys and were entitled to absolute immunity from suit for damages or injunctive or declaratory relief); *see also Fry v. Bd. of Cnty. Commissioners of Cnty. of Baca*, 7 F.3d 936 (10th Cir. 1993) (board members of city commission entitled to absolute legislative immunity when state law authorized commissioners to vacate roadway). The Supreme Court has extended absolute legislative immunity to non-legislators when engaged in legislative functions. *See Sable v. Myers*, 563 F.3d 1120, 1126-27 (10th Cir. 2009) (city councilors were entitled to legislative immunity when they enacted an ordinance that "reflected a

discretionary, policymaking decision implicating the budgetary priorities of the city," a traditional legislative act).

"Legislative immunity enables officials to serve the public without fear of personal liability." *Sabell II v. Myers*, et al, 563 F.3d 1120, 1123 (10th Cir. 2009) (finding that city council members were entitled to absolute legislative immunity for decision to proceed with condemnation action). A defendant's actions are an exercise of legislative power if those actions involve "determining, formulating, and making policy." *Id*. To determine whether a particular task is legislative for purposes of extending immunity, a court looks to the function performed by the defendant and not to his or her title. *Lewis v. New Mexico Dep't of Health*, 275 F. Supp. 2d 1319, 1325 (D. N.M. 2003) (citing *Forrester v. White*, 484 U.S. 219, 224 (1988)).

Executives, such as governors, who sign or veto a bill, are engaged in the legislative process and are beneficiaries of this same absolute legislative immunity. *See Bogan*, 523 U.S. at 55 (stating that mayor of Fall River, Massachusetts who introduced a budget was acting in a legislative capacity, even though the mayor was an executive official); *Lewis*, 275 F.Supp.2d at 1327; *Baraka v. McGreevey*, 481 F.3d 187, 200-02 (3d Cir. 2007) (holding Governor of New Jersey was entitled to legislative immunity when he recommended that the state legislature repeal a law and signed the repeal into law); *Coffman v. State of N.M. Public Employees Retirement Assoc., et al.*, 2011 WL 13284465, * 9, 2:10-cv-01027-JAP/WPL (finding that Governor Susanna Martinez was entitled to absolute legislative immunity from all of the claims asserted in the Complaint because the Governor's only actions of signing SB 207); *Bragg v. Chavez*, 2007 WL 5232464, * 19, No. CIV 07-0343 JB/WDS (D.N.M. Aug. 2, 2007) (finding that Governor Richardson was entitled to legislative immunity with respect to all claims against

6

him because plaintiff raised claims against Governor Richardson based on his role in formulating state Medicaid policy).

The only conduct Plaintiffs allege on the part of Governor Lujan Grisham is that she "signed Senate Bill 57 into law on March 6, 2020." [Doc. 1, Exh. B at ¶ 26]. Plaintiffs have not alleged that the Governor is involved in the day-to-day operations of the Department to whom the fee is paid. Nor is there any allegation that she has any involvement in the day-to-day administration of the fee or the spray and neuter program supported by the fee – an integral distinction when determining whether an individual was acting in her legislative capacity. *See, e.g., Coffman*, 2011 WL 13284465, at *9 (the Governor was not responsible for enforcing the statute at issue and was not involved in the day-to-day operations of PERA); *Lewis*, 275 F.Supp.2d at 1325 (the Governor was not involved in the day-to-day operations of the departments that administered the services implicated in plaintiffs' lawsuit, rather the Governor actions in preparing a budget and funding for the state programs and services at issue were "an integral part of the legislative process").

The acts of signing or vetoing law are legislative in character and fall squarely within the absolute immunity afforded to governors and other members of the executive when engaged in legislative actions. Because the Plaintiffs allege only that Governor Lujan Grisham "signed Senate Bill 57 into law," [Doc. 1, Exh. B at ¶ 26], the Governor is entitled to legislative immunity.

### IV.   CONCLUSION

The Plaintiffs' failure to state a claim against Governor Lujan Grisham, pursuant to Fed. R. Civ. P. 12(b)(6), and the legislative immunity granted to executive officials engaged in policy

making or legislation signing mandate dismissal of all claims sought to be stated against Governor Lujan Grisham in the Complaint.

For the foregoing reasons, Defendant respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety.

Respectfully submitted,

**HINKLE SHANOR LLP**

By: */s/ Jaclyn M. McLean*
Jaclyn M. McLean
Ellen S. Casey
P.O. Box 2068
Santa Fe, NM 87504-2068
Telephone: 505-982-4554
Facsimile: 505-982-8623
Email: jmclean@hinklelawfirm.com
ecasey@hinklelawfirm.com
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that I did on this 19th day of February 2021, cause a true and correct copy of *Defendant's Motion and Memorandum in Support of Motion to Dismiss*, along with a copy of this Certificate of Service, to be filed electronically through the court's electronic filing system. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

      Anthony (T.J.) J. Trujillo
      Scott Woody
      AJT@gknet.com
      Scott.woody@gknet.com
      1239 Paseo de Peralta
      Santa Fe, NM 87501-2758
      (505) 989-7299
      *Attorneys for the Plaintiffs*

                                        */s/ Jaclyn M. McLean*
                                        Jaclyn M. McLean