IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PET FOOD INSTITUTE, NEW MEXICO
CHAMBER OF COMMERCE, NEW MEXICO
FARM & LIVESTOCK BUREAU, PET
INDUSTRY JOINT ADVISORY COUNCIL,
and RIO GRANDE KENNEL CLUB,

      Plaintiffs,

  v.                                         Civ. No. 21cv48 JCH/SCY

MICHELLE LUJAN GRISHAM, in her official
capacity as the Governor of New Mexico, the
STATE OF NEW MEXICO, HECTOR
BALDERAS, in his official capacity as the
Attorney General of the State of New Mexico,
and JEFF M. WITTE, in his official capacity as
the Director/Secretary of the New Mexico
Department of Agriculture and Cabinet
Secretary of Agriculture for the State of New
Mexico,

      Defendants.

## ORDER WITHDRAWING DOCUMENT

      THIS MATTER comes before the Court on Defendant Governor Michelle Lujan Grisham's Opposed Notice Of Withdrawal Of Motion To Dismiss. Doc. 14. Defendant Lujan Grisham filed a Motion to Dismiss and Memorandum in Support on February 19, 2021. Doc. 5. Subsequently, Plaintiffs filed their First Amended Complaint on March 12, 2021. Doc. 10. Defendant Lujan Grisham wishes to withdraw her motion to dismiss the original complaint, because the original complaint has been superseded by the filing of the amended complaint. As Defendant correctly observes, however, a party may withdraw a filed document only with "consent of all other parties or approval of the Court." D.N.M.LR-Civ. 7.7. Defendant states that

Plaintiffs oppose this notice. Doc. 14 at 1. However, Plaintiffs did not file a response to the notice within the time permitted by the local rules. D.N.M.LR-Civ. 7.4.

The Court finds that withdrawal of the motion to dismiss the original complaint is appropriate. "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). Although the Tenth Circuit appears not to have addressed this issue, other circuit courts have held that, after the filing of an amended complaint, the district court may deny as moot the motion to dismiss the original complaint. *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *JRS Mgmt. v. Lynch*, 621 F. App'x 978, 982 (Fed. Cir. 2015). Because the Court could deny the pending motion to dismiss as moot, there is no reason to prohibit Defendant from withdrawing the document. In addition, because Plaintiffs did not file a timely response, they have indicated their "consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

THEREFORE, IT IS ORDERED THAT DEFENDANT'S Motion And Memorandum In Support Of Motion To Dismiss (Doc. 5) is withdrawn.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE